1    UNITED STATES DISTRICT COURT
2    DISTRICT OF PUERTO RICO

3    ARNALDO REYES-MORALES, et al.,

4        Plaintiff,                                   Civil No. 12-1018 (JAF)

5        v.

6    HOSPITAL GENERAL MENONITA,
7    INC.,
8
9        Defendant.

10

11                        **OPINION AND ORDER**

12        In this action, Plaintiff Arnaldo Reyes-Morales ("Plaintiff") sued Hospital General

13    Menonita, Inc. ("Defendant"), a Puerto Rico corporation that owns and operates several

14    medical centers in Puerto Rico.[1]  (Docket No. 1.)  Plaintiff sued under the Emergency

15    Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd.[2]  (Id.)

16    Defendant moved for dismissal, (Docket No. 7), Plaintiff opposed, (Docket No. 10), and

17    Defendant responded (Docket No. 15).  We granted Defendant's motion to dismiss.

18    (Docket No. 21.)  Plaintiff now files this timely motion for reconsideration, styled as one

19    under Fed. R. Civ. P. 60(b)(6).[3]  (Docket No. 23.)  Defendant opposes.  (Docket No. 27.)

20    For the reasons that follow, we grant in part and deny in part Plaintiff's motion.

---

[1] Plaintiff was joined in this suit by his parents, Luz Haydée-Morales, and Eduardo Reyes-Morales. (Docket No. 1 at 2.)

[2] Invoking this court's supplementary jurisdiction, Plaintiff also brought claims under Puerto Rico's tort and negligence statutes, 31 L.P.R.A. §§ 5141 and 5142 (Articles 1802 and 1803). (Docket No. 1.)

[3] Rule 60(b)(6) is a "catch-all provision" that authorizes a district court to grant relief from judgment. Ungar v. Palestine Liberation Org., 599 F.3d 79, 84 (1st Cir. 2010).  We think that Plaintiff's motion is more properly characterized as a motion under Fed. R. Civ. P. 59(e). See Cahoon v. Shelton, 647 F.3d 18, 29 (1st Cir. 2011) ("In this circuit, 'a motion asking 'the court to modify its earlier disposition of a case because of an allegedly erroneous legal result is brought under [Rule] 59(e)'" of the Federal Rules of Civil Procedure (quoting In re Sun Pipe Line Co., 831 F.2d 22, 24 (1st Cir. 1987)).  We, therefore, re-characterize the motion as one under Rule 59(e).

Civil No. 12-1018 (JAF)                                                                    -2-

1                                                **I.**

2                                           <u>**Analysis**</u>

3            Plaintiff's complaint alleged three separate and distinct claims arising under

4    EMTALA. Of those three claims, only one occurred at the Centro Diagnóstico y

5    Tratamiento de Aguas Buenas ("Aguas Buenas CDT").   (Docket Nos. 1, 23 at 12.)

6    Plaintiff's other two claims stem from actions that occurred at the Hospital General

7    Menonita de Cayey ("Cayey Hospital"), where he was transferred after his initial visit to the

8    Aguas Buenas CDT. (<u>Id.</u>)   With respect to the Aguas Buenas CDT, Plaintiff alleged that he

9    was discharged from the Aguas Buenas CDT with an unstable medical condition.  (Docket

10   Nos. 1, 23.)  With respect to the Cayey Hospital, Plaintiff alleged that he was disparately

11   screened there, and that he was discharged and transferred to another hospital while he had

12   an unstable medical condition.  (Docket No. 13 at 13.)

13           Defendant moved for dismissal under Fed. R. Civ. P. 12(b)(1) and (b)(6).  (Docket

14   No. 7.)   Defendant's only argument was that the Aguas Buenas CDT—the first of two

15   locations where Plaintiff alleged an EMTALA violation occurred—was not a "participating

16   hospital" or "dedicated emergency department" under EMTALA and the applicable

17   regulations, 42 C.F.R. § 489.34(b), and, therefore, not covered by the statute.   (Docket

18   No. 7.)   Defendant did not argue that the second facility where Plaintiff received

19   treatment—the Cayey Hospital—was not covered by EMTALA.  We agree with Plaintiff

20   that even if Aguas Buenas CDT is not covered by EMTALA, there would still be federal

21   question jurisdiction over the Cayey Hospital, which Defendant has not argued is exempt

22   from the statute.

Civil No. 12-1018 (JAF)                                                                -3-

1      In our opinion dismissing the case, we raised the question sua sponte whether

2   Plaintiff had stated a claim under EMTALA's screening or stabilization requirements.

3   (Docket No. 21.)  Citing the relevant case law, we found that Plaintiff had failed to state a

4   claim under EMTALA's screening or stabilization requirements.  See Rivera Marrero v.

5   Hospital Hermanos Meléndez, 253 F.Supp.2d 179, 190-192 (1st Cir. 2003) ("A hospital

6   fulfills its statutory duty to screen patients in its emergency room if it provides for a

7   screening examination reasonably calculated to identify critical medical conditions that may

8   be afflicting symptomatic patients and provides that level of screening uniformly to all those

9   who present substantially similar complaints.") (internal quotations and citations omitted);

10  see also Ramos-Cruz v. Centro Medico de Turabo, 642 F.3d 17, 19 (1st Cir. 2011) ("[I]f an

11  emergency medical condition exists, the participating hospital must render the services that

12  are necessary to stabilize the patient's condition . . . unless transferring the patient to another

13  facility is medically indicated and can be accomplished with relative safety.")

14     For the following reasons, Plaintiff's motion for reconsideration will be granted.

15  First, Plaintiff should be given a chance to respond to the issues that we raised sua sponte.

16  See Cordero-Hernandez v. Hernandez-Ballesteros, 449 F.3d 240, 243 n.6 (1st Cir. 2006)

17  (cautioning that cases should not be dismissed for reasons that plaintiff did not have reason

18  to anticipate).  Defendant did not present a developed argument why Plaintiff had failed to

19  state a claim under the screening or stabilization requirements under EMTALA.  (Docket

20  No. 7.)  Therefore, any arguments to this effect will have to be made on summary judgment

21  or at trial.  Second, we think that Defendant's jurisdictional arguments are also best

22  addressed after both parties have had an adequate opportunity to conduct discovery.

Civil No. 12-1018 (JAF)                                                      -4-

1    Plaintiff argues that Defendant's jurisdictional defense is inextricably intertwined with the

2    merits of his case.  (Docket No. 10.)  We agree.

3         When resolution of the jurisdictional question is intertwined with the merits of the

4    case, a court can convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a

5    Rule 56 summary judgment motion. Torres v. Bella Vista Hosp., 523 F.Supp.2d 123, 135

6    (D.P.R. 2007) (citing Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995)). The

7    jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction

8    is dependent on the same statute which provides the substantive claim in the case. Id. (citing

9    Holt, 46 F.3d at 1003).

10        In the First Circuit, however, courts have adopted a more flexible approach.  See id.

11   (citing Gonzalez v. United States, 284 F.3d 281, 287 (1st Cir. 2002)).  The First Circuit has

12   stated that when "jurisdictional facts . . . are inextricably intertwined with the merits of the

13   case . . . the court may defer resolution of the jurisdictional issue until the time of trial."

14   Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 n. 3 (1st Cir.2001); see also Hollingsworth

15   v. United States, 2005 WL 3435099, *6, 2005 U.S. Dist. LEXIS 33224, **20-21

16   (D.Me.2005).

17        In this case, the jurisdictional question is intertwined with the merits of the case

18   because EMTALA provides the basis for subject matter jurisdiction and the causes of

19   action.  See Torres, 523 F. Supp. 2d 123 (finding questions intertwined because ERISA

20   provided the basis for jurisdiction and causes of action). Moreover, some of the facts that

21   are relevant to the merits of Plaintiff's claims are also relevant to whether subject matter

Civil No. 12-1018 (JAF)                                                                -5-

1    jurisdiction exists. Therefore, we will defer ruling on the jurisdictional question until the

2    parties have had an adequate opportunity to conduct merits and jurisdictional discovery.

3    The parties will then be free to present their arguments, either at trial or at the summary

4    judgment stage.

5                                                    **II.**

6                                              **Conclusion**

7         For the foregoing reasons, Plaintiff's motion for reconsideration is hereby

8    **GRANTED IN PART AND DENIED IN PART.**  (Docket No. 23.)  Defendant's motion

9    to dismiss is **DENIED WITHOUT PREJUDICE**.  The parties will have **thirty (30) days**

10   from this date to conduct discovery related to any claims and defenses they wish to present

11   at trial or on summary judgment.  Any motions for summary judgment must be filed **by**

12   **April 26, 2013**.

13        **IT IS SO ORDERED.**

14        San Juan, Puerto Rico, this 15th day of March, 2013.

15                                        s/José Antonio Fusté
16                                        JOSE ANTONIO FUSTE
17                                        United States District Judge